61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sabil M. MUJAHID, aka Terry Smith, Plaintiff-Appellee,
v.
Michael MINDORO, Chairperson; Lyle Kanoa, Chairperson; Nolan
Uehara, Chairman; Richard Mello, U.T.M.; John
Smythe, Administrator, Defendants-Appellants.
 No. 93-17025.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Appeal from the United States District Court for the District of Hawaii, No. CV-92-00338-ACK(F; Alan C. Kay, District Judge, Presiding.
 D.Hawai'i
 Reversed and Remanded.
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Mindoro and other prison officials (collectively "defendants") appeal the district court's partial denial of their motion for summary judgment in a 42 U.S.C. Sec. 1983 action brought by Sabil M. Mujahid, also known as Terry Smith, a prisoner at the Halawa Confinement Facility. In his section 1983 action Mujahid claimed that his due process rights were violated in connection with an adjustment committee hearing brought against him for allegedly harassing a prison staff member in violation of prison regulations. In its order, the district court rejected the defendants' qualified immunity defense. The district court determined that Mujahid had a clearly established right to call a witness during his hearing and that a genuine issue of material fact existed as to whether the defendants had a reasonable belief that their conduct was lawful when they violated this right.
 
 
 3
 We first must address whether we have appellate jurisdiction. The Supreme Court has recently held that "a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 115 S. Ct. 2151, 2159 (1995). However, in Johnson, the Court also stated, "[w]hen faced with an argument that the district court mistakenly identified clearly established law, the court of appeals can simply take, as given, the facts that the district court assumed when it denied summary judgment for that (purely legal) reason." Johnson, 115 S. Ct. at 2159. Because the defendants contend that the district court erred in determining that a clearly established right existed, we have jurisdiction over this case. Id.
 
 
 4
 Defendants contend that the district court erred by denying summary judgment because Mujahid's right to call a witness was not a clearly established right at the time of his adjustment committee hearing. This contention has merit.
 
 
 5
 In Baxter v. Palmigiano, 425 U.S. 308, 323 (1976), the Supreme Court expressly stated that its decision in Wolff v. McDonnell, 418 U.S. 539 (1974), did not decide whether due process was required where inmates were denied privileges.[1] Baxter reversed our decision in Clutchette v. Procunier, 510 F.2d 613 (9th Cir. 1975), which held that some procedural safeguards are necessary to protect prisoners from the loss of privileges. The Court found it unnecessary to reach the issue at that time because the plaintiffs in that case were subject to more than the mere loss of privileges. Baxter, 308 U.S. at 323. It appears that this issue has still not yet been resolved. Here, Mujahid was denied privileges for fourteen days. Because Mujahid's right to call a witness was not clearly established, the defendants were entitled to summary judgment.
 
 
 6
 The district court erred in denying summary judgment in this case because there is no genuine issue of material fact that needs to be decided. We REVERSE the district court's order and REMAND this case for the district court to enter summary judgment for the defendants.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In Wolff, the Court held that certain procedures are required to comport with minimal due process requirements when an inmate is deprived of good time credits. Wolff, 418 U.S. at 556-72